IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR SCIENCE IN THE PUBLIC INTEREST, et al.<br><br>*Plaintiffs,*<br><br>v.<br><br>U.S. DEPARTMENT OF THE TREASURY, et al.<br><br>*Defendants.* | Case No. 1:22-cv-2975-RBW |

**JOINT STATUS REPORT**

Pursuant to this Court's Minute Order of October 2, 2023, the Parties—Center for Science in the Public Interest; Consumer Federation of America; and National Consumers League (collectively, "Plaintiffs"); and the U.S. Department of Treasury; Janet Yellen, U.S. Secretary of the Treasury; the Alcohol and Tobacco Tax and Trade Bureau ("TTB"); and Mary G. Ryan, Administrator of TTB (collectively, "Defendants")—respectfully submit the following Joint Status Report.

The parties previously reported to this Court that:

1. On December 16, 2003, Plaintiffs (among others) submitted a petition ("2003 petition") requesting that TTB amend its regulations to require an "Alcohol Facts" panel on labels of alcoholic beverages. *See Petition to Improve Mandatory Label Information on Alcoholic Beverages ("Alcohol Facts")* (Dec. 16, 2003), https://perma.cc/7M3F-XF62.

2. The 2003 petition requested that the "Alcohol Facts" panel include, among other things, alcohol content, calorie, and ingredient information. *Id.* at 3.

3. In the present case, filed on October 3, 2022, Plaintiffs allege that Defendants

have failed to issue a final decision granting or denying the 2003 petition in violation of the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(1).  *See* Compl. ¶¶ 93–96, ECF No. 1.

4. On November 17, 2022, TTB sent Plaintiffs a letter informing them that TTB believes it adequately responded to the 2003 petition by initiating a 2005 rulemaking soliciting public comment "on a wide range of alcohol beverage labeling and advertising issues…including the proposals made in the 2003 petition." The letter also informed Plaintiffs that TTB was "granting the 2003 petition to the extent that TTB will engage in a new rulemaking on the issues of nutrient content labeling, expanded alcohol content labeling, major food allergen labeling, and ingredient labeling," and denying the petition "[t]o the extent [it] requests additional or different action by TTB."  Letter from Amy R. Greenberg to Peter Lurie, Susan Weinstock, and Sally Greenberg at 2, https://perma.cc/JU7U-GREV.

5. More specifically, TTB explained that it plans to issue (1) a proposed rule on "mandatory nutrient and alcohol content labeling," (2) a proposed rule on "mandatory allergen labeling," and (3) an Advance Notice of Proposed Rulemaking ("ANPRM") on "mandatory ingredient labeling." *Id*. at 7.

6. On December 9, 2022, the Parties filed a Joint Motion seeking to stay this case until June 9, 2023, in light of the potential to resolve this case without further litigation.  The Court granted the motion to the extent it sought to vacate all pending deadlines, ordering the Parties to submit a joint status report by June 2, 2023.

7. On June 2, 2023, the Parties filed a Joint Status Report requesting a continued vacation of deadlines and proposing to file a joint status report on or before December 1, 2023. The Court ordered the Parties to file a joint status report by October 2, 2023 and another within 30 days of the conclusion of the rulemaking process described in the June 2 Joint Status Report.

8.      On May 5, 2023, TTB sent the first of its planned rulemakings, the ANPRM on ingredient labeling, to the Office of Information and Regulatory Affairs ("OIRA") for review. OIRA concluded its review on June 1, 2023.  This is part of the regulatory process toward publishing the ANPRM on ingredient labeling.

TTB now reports to this Court that:

10.     Consistent with Executive Order 14094, "Modernizing Regulatory Review," (April 6, 2023) and associated guidance, which encourages federal agencies to inform regulatory actions through meaningful and equitable opportunities for public input, Treasury has determined that additional public consultations would better inform the draft rulemakings and eventual final rules in effectively addressing matters of public importance.

11.     Treasury seeks to engage a broader range of input from the public, including from consumers, public health stakeholders, and industry members of all sizes beyond the traditional industry segments that typically engage in TTB rulemakings, in order to ensure appropriately comprehensive participation given the broad implications of the rulemaking proposals, and gather available expertise from a broader array of participants. Engaging this broad array of stakeholders at this stage may also be a more efficient way of gathering this input.

12.     Toward this end, TTB plans to hold virtual public listening sessions on these rulemakings at the end of February 2024.  TTB will provide additional details about the listening sessions in a public notice to be published in the Federal Register by January 31, 2024.  TTB welcomes Plaintiffs' participation in these consultations.

Plaintiffs now report to this Court that:

13.     In plaintiffs' view, these public listening sessions are both unnecessary and a further delay tactic by TTB.  First, if TTB issued the three rules, it would obtain extensive

feedback from the public in the form of written comments, the method TTB normally utilizes in issuing and finalizing proposed rules.

14. Second, if TTB felt that listening sessions provide better feedback before issuing draft rules, then the time for scheduling these listening sessions was nearly a year ago. TTB announced that it intended to issue the three rules in November 2022. Such listening sessions should have been scheduled by, at the latest, March 2023. Instead, TTB has decided to engage in such listening sessions only now, after missing several projected timelines for issuing the rules in its 2022 and 2023 Unified Agendas. Indeed, in the Fall 2023 Unified Agenda (released just one month ago), TTB publicized an intention to issue the ingredient labeling rule (which has already completed OIRA review and could be released) in December 2023 and the other two rules in January 2024. Now, just one month after TTB provided that projected timeline, it has abandoned it.

15. Plaintiffs, nevertheless, are willing to agree to a continued vacation of the deadlines to provide TTB an opportunity to live up to its commitments without the need for further litigation.

Therefore, in accordance with this Court's Minute Order dated October 2, 2023, the parties request that the vacation of deadlines continue and that they be ordered to submit a further status report not later than ninety days from today.

| | |
|---|---|
| Dated: January 16, 2024 | Respectfully submitted, |

/s/ *Lisa S. Mankofsky*  
Lisa S. Mankofsky (D.C. Bar No. 411931)  
CENTER FOR SCIENCE IN THE PUBLIC  
   INTEREST  
1250 I Street, NW, Suite 500  
Washington, DC 20005  
Telephone: (202) 777-8381  
Email: lmankofsky@cspinet.org  

Matthew Simon (D.C. Bar No. 144727)  
CENTER FOR SCIENCE IN THE PUBLIC  
   INTEREST  
106 Riding Trail Lane  
Pittsburgh, PA 15215  
Telephone: (202) 777-8361  
Email: msimon@cspinet.org  

*Counsel for Plaintiffs*

BRIAN M. BOYNTON  
Principal Deputy Assistant Attorney General  

DIANE KELLEHER  
Assistant Branch Director  
Federal Programs Branch  

/s/ *Hannah M. Solomon-Strauss*  
HANNAH M. SOLOMON-STRAUSS  
Trial Attorney (NY Bar No. 5693890)  
United States Department of Justice  
Civil Division, Federal Programs Branch  
1100 L St. NW  
Washington, DC 20005  
Telephone: (202) 616-8198  
Email: hannah.m.solomon-strauss@usdoj.gov  

*Counsel for Defendants*